The Litchfield and Madison Railway Company *et al.*

*v.*

The People *ex rel.* William P. Eaton.

*Opinion filed June 14, 1906—Rehearing denied October 11, 1906.*

Railroads—*a railroad company must carry passengers.* Under section 12 of article 11 of the constitution and section 84 of the Railroad act, all railway corporations incorporated under the general Railroad Incorporation law must engage in carrying both passengers and freight, and cannot engage exclusively in carrying freight, except in case of railroads built by individuals upon their own land for private use and railroads built exclusively to afford terminal facilities within or in the vicinity of a large city.

Appeal from the Circuit Court of Madison county; the Hon. B. R. Burroughs, Judge, presiding.

This is a petition for a writ of *mandamus* presented in the name of the People of the State of Illinois, upon the relation of William P. Eaton, a citizen and tax-payer of Madison county, praying that a writ of *mandamus* be issued and directed to the Litchfield and Madison Railway Company and Chicago, Peoria and St. Louis Railway Company of Illinois, companies organized under the general Railroad Incorporation act, commanding them, and each of them, to cause to be furnished, run and operated, necessary, suitable and sufficient passenger trains over the line of road from Litchfield to East St. Louis, and to carry all passengers, with their baggage, over said railroad.

The petition was answered severally by the defendants and replications filed to the answers. A jury was waived and the cause was submitted, by agreement, for trial before the circuit judge without a jury. The trial judge rendered judgment, finding "that the said defendants, and each of them, have and are refusing and neglecting to operate passenger trains and to carry passengers and baggage over the

line of railroad," etc., and ordering "that a peremptory writ of *mandamus* issue out of this court, directed to the said Litchfield and Madison Railway Company and the Chicago, Peoria and St. Louis Railway Company of Illinois, commanding them, within thirty days from August 1, 1905, to furnish, place, run and operate a daily (Sundays excepted) passenger train each way over the line of railway described in the petition herein, and extending from the city of Litchfield, in Montgomery county, Illinois, to the village of Madison, in Madison county, Illinois, suitable and sufficient to carry all passengers, with their necessary baggage, in comfortable and reasonable security and at a reasonable speed," and that the petitioner recover costs,—from which judgment this appeal is prosecuted.

The petition avers, and the answer of the Litchfield and Madison company admits, that the railroad in question was located and constructed by a corporation known as the Chicago, Peoria and St. Louis Railway Company in about the year 1890, the railroad so constructed extending from or near Litchfield through Worden, Manix, Edwardsville, Glen Carbon, to or near Madison, a village in Madison county, Illinois, (which is a distance of about forty-four miles;) that immediately after the completion of its construction said railroad was put into use and operation as a railroad for the purpose of transporting both passengers and freight over said line from one terminus to the other through the said intervening cities and towns; that by various conveyances, leases, contracts and decrees of courts the title and ownership of the said railroad, its right of way and all appurtenances thereunto belonging passed to and have been acquired by the Litchfield and Madison Railway Company, and that for the past six years, and since the purchase of said railroad by the Litchfield and Madison company, no passenger trains have been run on said railroad.

The answers of both defendants allege that since July 1, 1904, the Chicago, Peoria and St. Louis Railway Company

of Illinois has not been possessed of said track or railway or right of way, and has not used or operated the same, and has had no connection therewith in any way, but that the same was, since that time, in the full possession of the Litchfield and Madison company; that prior to that date the said Chicago, Peoria and St. Louis Railway Company of Illinois was possessed of said railroad under a contract of lease from the Litchfield and Madison company, and that said lease was, by mutual consent of the two companies, regularly canceled on July 1, 1904.

The evidence, however, on the question of which company was operating said railroad, or whether it was being operated by them jointly, was conflicting.   The . evidence . discloses that the officers and boards of directors of each of these corporations are identical, and that the equipment of both companies was used indiscriminately in the conduct of traffic over this particular line of road.

The petition avers, and the proof shows, that during the time passenger trains were run over said railroad both passengers and freight were transported over said line from, to and through the various cities and towns on the line of said road, and by various connecting lines to the city of East St. Louis, Illinois, to the city of St. Louis, Missouri, and to Springfield, Peoria, Chicago, and other cities in Illinois.

BLUFORD WILSON, PHILIP BARTON WARREN, HENRY L. CHILD, and C. W. TERRY, for appellants:

Whether one is a common carrier of passengers depends upon whether he holds himself out to the world as such.   *Ingate* v. *Christie,* 3 .C. & K. 61 ; 6 Am. & Eng. Ency. of Law, (2d ed.) 245; *Schloss* v. *Wood,* 11 Col. 291 ; *Railroad Co.* v. *Nichols,* 9 Kan. 253.

Neither the constitution nor the laws of Illinois require a railroad corporation organized under the general Railroad Incorporation act to carry both passengers and freight. When

railroads are made common carriers by statutory provision, such provision is merely declaratory of the common law, and will neither increase their duties nor qualify their liability. *Electric Co.* v. *Simon,* 20 Ore. 60; Hutchinson on Carriers, sec. 67; *Railroad Co.* v. *Thompson,* 19 Ill. 578.

All railroads are not public highways. *Koelle* v. *Knecht,* 99 Ill. 396; *Wade* v. *Lutcher,* 74 Fed. Rep. 517.

A railroad corporation organized under the Incorporation act may be a common carrier of passengers only or of freight only, or of both. *Wiggins Ferry Co.* v. *Railway Co.* 107 Ill. 450; *Lieberman* v. *Railroad Co.* 141 id. 140.

W. H. Stead, Attorney General, George B. Gillespie, and J. F. Gillham, State's Attorney, (Burton & Wheeler, of counsel,) for appellee:

*Mandamus* is the proper action in this case to compel the defendant railroad companies to perform their public duties. Morawetz on Corporations, sec. 481; *Railway Co.* v. *People,* 56 Ill. 365; *People* v. *Railroad Co.* 130 id. 175; *People* v. *Railroad Co.* 176 id. 512.

Although there may be no express provisions in the statute commanding that a certain duty which a railroad owes to the public must be performed, nevertheless the legal duty may be imposed by virtue of the principles of the common law, and when facts are shown to the court to exist which justify it, a writ of *mandamus* will be awarded. The duty to carry freight and passengers is the *ultima ratio* of the existence of a railroad,—the great and sole public good for the attainment and accomplishment of which all other powers and duties are given or imposed. *People* v. *Railroad Co.* 130 Ill. 175.

A railway company is a servant of the public, and cannot bind itself by contract with individuals to maintain stations at principal points or to not locate and maintain them at other points. *Railroad Co.* v. *People,* 132 Ill. 570.

A railroad company is a *quasi* public corporation, and it cannot make any contract which will disable it from performing its public functions. *Union Traction Co.* v. *Chicago,* 199 Ill. 542; 19 Am. & Eng. Ency. of Law, (1st ed.) 895, 896.

A railroad, although in some sense private property, owned and operated by private corporations or individuals, is yet to be regarded as a *quasi* public highway,—as an institution in which the public has an easement closely similar to that possessed in public highways. 19 Am. & Eng. Ency. of Law, (1st ed.) 780, and notes.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

The only material question in this case is whether, under the constitution and laws of Illinois, a railway corporation organized under the general act for the incorporation of railroad companies (Hurd's Stat. 1905, p. 1564,) is obliged to carry both passengers and freight over its line of road.

Section 12 of article 11 of the constitution in part reads: "Railways heretofore constructed, or that may hereafter be constructed in this State, are hereby declared public highways, and shall be free to all persons for the transportation of their persons and property thereon, under such regulations as may be prescribed by law."

Section 84 of chapter 114, Hurd's Revised Statutes of 1905, provides: "Every railroad corporation in the State shall furnish, start and run cars for the transportation of such passengers and property as shall, within a reasonable time previous thereto, be ready or be offered for transportation at the several stations on its railroads and at the junctions of other railroads, and at such stopping places as may be established for receiving and discharging way-passengers and freight; and shall take, receive, transport and discharge such passengers and property, at, from and to such stations, junctions and places, on and from all trains advertised to stop at the same for passengers and freight," etc.

Appellants contend that this court, in its former decisions, has held that the section of the constitution above quoted, although it expressly says, "railways heretofore constructed, or that may hereafter be constructed," does not include all railways, and to support that contention cite *Koelle* v. *Knecht,* 99 Ill. 396, *Wiggins Ferry Co.* v. *East St. Louis Union Railway Co.* 107 id. 450, and *Lieberman* v. *Chicago Rapid Transit Railroad Co.* 141 id. 140.

The case of *Koelle* v. *Knecht, supra,* held that a railroad constructed by individuals on their own lands for private use only, was not to be regarded as the instrumentality of a common carrier, and in the consideration of that case the question here involved did not arise at all. No doubt tracks built exclusively for the purpose of affording terminal facilities within, or in the vicinity of, a city should be regarded as in the same category as the road which was under consideration in the case last mentioned.

In each of the other two cases expressions will be found which support the contentions of appellants. The question, however, whether, as against the public, a railroad company has the right to engage in the business of carrying freight and to decline to engage in the passenger traffic was not squarely presented, and in neither case was the constitutional provision now under consideration mentioned or discussed. For these reasons we do not think those cases should control here.

In the case of *People ex rel.* v. *St. Louis, Alton and Terre Haute Railroad Co.* 176 Ill. 512, the constitutional provision and the statutory provision which are above set out were quoted and considered, and the conclusion reached that a railroad company was thereby obligated "to furnish and use cars and locomotives for the transportation of persons and property,—that is to say, for the carriage of both passengers and freight." While it is true that the question in that case was not whether the railroad company should engage in passenger traffic, but whether it should be required

to furnish additional facilities for carrying passengers, yet we are of the opinion that the language last quoted is an accurate statement of the law, and that under section 12 of article 11 of the constitution, and section 84 of chapter 114 of Hurd's Revised Statutes of 1905, all railway corporations incorporated under the general Railroad Incorporation act must engage in the carrying of both passengers and freight.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*